HOOKE *vs.* HOOKE ET ALS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

The act of 1825, giving the District Court jurisdiction of *all* suits for the partition or sale of any property lying within its limits, does not deprive the Court of Probates of its jurisdiction, in a case where the property to be divided is owned by co-heirs, some of whom are minors *residing out of the state.*

This was an action for a partition.    The plaintiff alleges that on the 13th day of April, 1821, Samuel M'Cutcheon and Moses Hooke bought three lots of ground situated in the parish of New-Orleans, being lots marked numbers seventeen, twenty and twenty-one; that on the same day, they made a partition of the same, whereby Hooke became possessed as sole owner of lot number twenty, and that part of lot number seventeen, which is in the rear of lots number twenty, and the half towards St. Charles street of what shall remain of lot number seventeen, after deducting therefrom all that part thereof which is in the rear of lots numbers twenty and twenty-one.

That on the        day of September, 182 , Hooke died intestate in the state of Mississippi, without ever having resided in the state of Louisiana, leaving a wife, Harriet Hooke, to whom he had been married in the state of Missis-

sippi, and six children and heirs, to wit: the plaintiff Harriet Elmina Hooke, William Butler Hooke, Francis Fitz Henry Hooke, Richard Butler Hooke, and Moses Josiah Hooke.

That the said property was purchased during the marriage of Moses Hooke with his said wife, and thereby was community property, in consequence of which, at his death one-half thereof became the property of Harriet Hooke, and the other half the property of their said children.

That on the sixth of September, 1826, Harriet Hooke married in the state of Mississipppi with Frederick Avery Browder, and there resided until her death, in the year 1830, she dying intestate, and having had issue by the marriage, only one child, Jane Butler Browder, now a minor under the age of puberty; whereby the plaintiff with the five other children of the said Moses Hooke, and the said Jane Butler Browder, inherited from her the remaining half of the said parcels of ground.

That the succession of the said Moses Hook, and of the said Harriet Browder, were opened in the parish of New-Orleans, inasmuch as their principal property in the state of Louisiana, consisted in the lots of land above described.

That the plaintiff is desirous of making a partition of the said parcels of land last above described, but that the same cannot be divided in kind, without causing a diminution of their value.

That the said children of Moses Hooke, reside in the state of Mississippi, and no tutors or curators were ever appointed to them within this state, and that they are now minors wholly unrepresented; that Jane Butler Browder resides in the parish of Pointe Coupee, and Augustus Bourgeat is her tutor.

A curator *ad hoc,* was appointed by the court to represent the absent minors. He appeared and filed the following exceptions.

First. This court hath no jurisdiction in the matter, nor over the said defendants.

Second. That a *curator ad litem* should have been appointed to the defendant·, and the curator *ad hoc* has no power to act in the premises.

Third. That no family meeting is prayed for, therefore, the prayer of the petitioner cannot be granted, the consent of a family meeting being requisite therefor.

In case these exceptions should be overruled, the curator *ad hoc,* submitted to the court the interests of the absent minors in the premises.

Jane Butler Browder answered by her tutor, that she could not oppose the partition.

She alleged that the property of which partition is prayed, was purchased entirely with funds of her late mother Harriet Hooke, that a community of acquests existed between her and the late Moses Hooke, as alleged, but that the hereditary property of her mother, was not increased during their marriage. That she was entitled to one-seventh part of the property, the partition of which is prayed for.

The judge of the Court of Probates considered that the exception to its jurisdiction ought to be sustained; the thirteenth section of the act of March 25th, 1828, entitled " An act further amending several articles of the Civil Code and Code of Practice," giving exclusive jurisdiction to the District Court and the Parish Court of New-Orleans, in cases like the present, and ordered that the petition be dismissed.

The plaintiff appealed.

*I. W. Smith,* for plaintiff and appellant, made the following points.

1. The Court of Probates has *ratione personœ* the exclusive jurisdiction of this case. The defendants are minors, the property is situated in the parish in which the action was brought, and the succession of the ancestor of the parties was opened in that parish. *Code of Practice, art.* 924, *no.* 14.

2. The third section of the act of 1825, was abrogated by the *Code of Practice, art.* 924, *no.* 14, subsequently promulgated. If that section remains in force, it merely *confers* jurisdiction on the District Courts. The thirteenth section of

the act of 1828, refers only to partitions between co-heirs <span>EASTERN DIS.<br>*April*, 1834.</span> of full age. Minors are a privileged class, placed under the protection of courts of probate, which were established for their benefit, among other objects. These courts have the *exclu-* *sive* power to appoint legal representatives for them. `They are not to be ousted of their jurisdiction, except by express enactment. *Code of Practice, art.* 924, *sec.* 2. *La. Code,* 1331. *Acts of* 1825, *p.* 122, *sec.* 3. *Acts of* 1828, *p.* 160, *secs.* 13, 25. 3 *La. Reports,* 483. *Roland* vs. *Stephens.*

HOOKE
*vs.*
HOOKE ET ALS.

*Preston* and *Hennen, contra.*

BULLARD, J., delivered the opinion of the court.

The plaintiff demands the partition of a lot of land in this parish, belonging to the succession of Moses Hook, and alleging that some of his co-heirs are minors, residing out of the state, caused a curator *ad hoc* to be appointed by the court to which the petition is addressed.

The curator thus appointed, filed, 1st, an exception to the jurisdiction of the Probate Court; 2d, that a curator *ad litem* should have been appointed, and not a curator *ad hoc;* and 3d, that no family meeting had been prayed for in the petition.

The court sustained the plea to its jurisdiction, and the plaintiffs appealed.

By the article 924, No. 14 of the *Code of Practice,* it is declared that Probate Courts have *exclusive* power to ordain and regulate all partitions of successions in which minors and persons interdicted or residing out of the state are interested. If the question depended on the Code alone, the court would have not only jurisdiction, but exclusive juris- diction of this suit. But it is contended that this jurisdiction has been taken away by the act of 1825, page 122.

The section of the act relied on, declares that the District Court shall have jurisdiction of all suits for the partition or sale of any property laying within their respective limits, and held in common by several owners, notwithstanding any or

# CASES IN THE SUPREME COURT

EASTERN DIS.
*April,* 1834.

The act of 1825 giving the District Court jurisdiction of *all* suits for the partition or sale of any property lying within its limits, does not deprive the Court of Probates of its jurisdiction in a case where the property to be divided is owned by co-heirs, some of whom are minors residing out of the state.

all of the parties to be made defendants, be minors or persons residing out of the state, &c.

This section does not contain any words from which we should infer that the legislature intended to confer *exclusive* jurisdiction on the District Court in cases like this. Admitting, for the sake of argument, that the 224th article of the Code, and this section of the act of 1825 refer to the same class of cases, nothing more would follow, than that the two courts have concurrent jurisdiction. The plea in this case cannot be sustained, unless the Court of Probates has been entirely ousted of jurisdiction. We are of opinion that it has not been, and that the court erred in sustaining the plea.

This view of the subject renders it unnecessary to inquire whether the above mentioned act of 1825 has been repealed by the act of 1828, section 25.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Court of Probates be avoided and reversed, the exception to the jurisdiction overruled, and that the cause be remanded, with directions to the judge to proceed therein according to law, and that the appellee pay the costs of this appeal.